Rochester v. See Yup Company.

---

## ROCHESTER et al. v. THE SEE YUP COMPANY et al.

WHERE a reward is offered in the usual way in the public newspapers or by handbills for the arrest and delivery to the proper authorities of persons suspected of crime, and a party accordingly arrests and delivers the persons suspected, who are tried and convicted: Held, that the demand for the amount of the reward is neither an "unliquidated demand," nor an "account," within the fourth section of the Practice Act; and hence, that the assignor of such demand is a competent witness for the assignee in suit against the persons offering the reward.

Rochester v. See Yup Company.

Appeal from the Twelfth District.

This action was brought to recover the amount of certain rewards offered by the defendant, for the arrest and delivery to the authorities of Amador county of certain persons charged with the crime of murder. The persons alleged to have earned and become entitled to the rewards were the plaintiff Isaac Treadway, and Jesse O. Goodwin. Goodwin assigned his interest in the contract to the plaintiff Rochester. On the trial before a referee, Goodwin was offered as a witness on behalf of the plaintiffs. The defendants objected, on the ground that he was incompetent by reason of his being the assignor of the contract. The referee overruled the objection and held the witness competent, to which the defendants excepted. The witness was then sworn and gave material testimony. The referee reported in favor of the plaintiffs. The Court below set aside the report of the referee and granted a new trial, on the ground that Goodwin was not a competent witness. From this order the plaintiffs appeal.

D. Lake, for Appellants.

The demand sued on is a contract in writing; it became such upon the acceptance of defendants' offer and the performance of the services. (*Ryer* v. *Stockwell*, 14 Cal. 138.) The demand is not unliquidated, because the amount to be paid is fixed. Goodwin was a competent witness. (*Gray* v. *Garrison*, 9 Cal. 325.)

Byrne & Freelon, for Respondents.

The demand sued on is an "account," and therefore Goodwin was an incompetent witness. (Practice Act, sec. 4; Web. Dic. Account; Burr's Law Dic. Account.) An account may consist of one item or several—may be liquidated or not. In *Gray* v. *Garrison* (9 Cal.) the decision goes upon the ground that the claim was liquidated—the parties having met after the services were performed, fixed upon the amount, and mutually agreed to take and pay the same. Here the performance of the service itself is denied, the original indebtedness is denied, and they rest in proof.

This makes the demand an account.  The position of appellants that the demand is a contract does not avail, because, although the offer of the reward becomes a contract after acceptance and performance of the service, still without the service performed there can be no contract; and to prove this service by Goodwin, at the same time proves the contract.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The demand for which this action is brought is not an unliquidated demand within the meaning of the fourth section of the Practice Act.  Its amount is fixed by the terms of the proposition made by the defendants, and of course there was no occasion for any estimate of the value of the services rendered.  There is nothing in the transaction between the parties requiring the amount due, after the rendition of the services, to be liquidated.  Nor is the demand an account within the meaning of the section in question.  The assignor Goodwin was therefore a competent witness, and his testimony was properly admitted by the referee.  The order setting aside the report and granting a new trial, on the ground that his testimony was improperly taken, is therefore erroneous, and must be reversed.

Ordered accordingly.